## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **NASIR NADIM, Jr. and CRISTINA DE LA ISLA,** | § § | |
| *Plaintiffs,* | § § § | |
| **v.** | § § | **CASE NO.: _____** |
| **FEDERAL EMERGENCY MANAGEMENT AGENCY, and WILLIAM B. LONG, Administrator of the Federal Emergency Management, Agency** | § § § § § § | **JURY TRIAL DEMANDED** |
| *Defendants.* | § | |

### COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs, Nasir Nadim, Jr. and Cristina de la Isla (collectively, Nadim and de la Isla are referred to herein as "Plaintiffs" or "Homeowners"), through the undersigned counsel, file this Complaint against Defendants, the Federal Emergency Management Agency ("FEMA") and William B. ("Brock") Long in his official capacity as the Administrator of the Federal Emergency Management Agency (the "Administrator") ("FEMA" and "Long" are collectively referred to herein as "FEMA or "Defendants"). Homeowners bring this Complaint on the grounds more fully set forth below:

### Jurisdiction and Venue

1.      This action arises as a result of FEMA's partial denial of the Homeowners' flood insurance claim under the National Flood Insurance Act of 1968, as amended ("NFIA"; 42 U.S.C. § 4001 *et seq.*), FEMA regulations, and federal common law.

2.     This breach of contract action involves breaches of a Standard Flood Insurance Policy ("SFIP"), 44 C.F.R. Pt. 61, Appx. A(1), that FEMA sold to Homeowners pursuant to the NFIA.

3.     This Court has original, exclusive jurisdiction over this matter pursuant to 42 U.S.C. § 4072. In addition, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 because the interpretation of the SFIP, a federal regulation, creates numerous and substantial federal questions.

4.     The property made the basis of this action is located at 3308 Grennoch, Houston, Texas 77025 (the "Property") which is located in the Southern District of Texas. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) and 42 U.S.C. § 4072.

**Parties**

5.     Plaintiff Homeowners, Nasim Nasir, Jr. and Cristina de la Isla, are persons of full age of majority and are domiciled within the Southern District of Texas, and at all relevant times were the owners of the Property.

6.     The Federal Emergency Management Agency is a federal agency under the United States Department of Homeland Security that administers and issues flood insurance policies pursuant to the National Flood Insurance Program ("NFIP") and the NFIA. The Federal Emergency Management Agency is thus a properly named Defendant herein.

7.     The Administrator is a proper party to this action pursuant to 42 U.S.C. § 4072, which authorizes suit against the Administrator of the Federal Emergency Management Agency, in his official capacity, to assert claims related to the disallowance

or partial disallowance of a flood insurance claim. See also 44 C.F.R. §§ 61, Appx. A(1), Section VII(R) and 62.22.

## Summary of Complaint

8.     This case asserts a claim for payment of insurance proceeds by FEMA for damage sustained by Homeowners in Hurricane Harvey, in August 2017.  FEMA denied, in part the claim on the ground that a prior owner, Eileen Stade, had received flood insurance payments for a prior flood event (Memorial Day Flood, May 25, 2016—**prior to the date of Plaintiffs ownership**) which damaged the Property and which flood insurance proceeds had not been applied to the repair of the Property.  The prior owner represented in her disclosures the following:

> **Section 10.  Have you (Seller) ever received proceeds for a claim for damage to the Property (for example, an Insurance claim or settlement or award in a legal proceeding) and not used the proceeds to make the repairs for which the claim was made?** __ yes   X  no.  If yes, explain: _____

9.     This lawsuit seeks recovery of the difference between the amount paid Homeowners by FEMA for the Building loss ($115,196.19) and the policy limits of $250,000, an amount of approximately $134,803.81.

## Background Facts

10.     On or about April 4, 2016, Homeowners acquired the Property.  Effective March 31, 2016 they purchased from FEMA a Standard Flood Insurance Policy ("SFIP") bearing policy number SF00778511 to provide flood insurance for a Building (their new residence) and contents.  That policy had a policy period that ended on September 7, 2016.

11.     Among the documentation provided to Homeowners from the Seller, were the following:

a.     Seller's Disclosure Notice (*See*, **Exhibit 1**) signed by the seller in March, 2015, containing the language set forth in paragraph 8, above;

b.     Supplements to Pages 2 and 3 of the document described in the above sub-paragraph on or about March 8, 2016 (*See*, **Exhibit 2**);

c.     Additional disclosure by Seller, dated some time following the Memorial Day Flood that "House and garage flooded the night of May 25/26[th], 2015" (*See*, **Exhibit 3**); and

d.     "ADDENDUM TO SELLER'S DISCLOSURE NOTICE 3308 GRENNOCH LN HOUSTON TX", dated 2/17/2016 (*See*, **Exhibit 4**), noting that the Property "Flooded 5/2015 with 2" water.  Water removed, carpet discarded, mildew prevention applied.  NO other repairs made." No changes were made to the response to Disclosure 10 regarding the use of insurance proceeds by the prior owner.

12.     Upon expiration of the policy described in paragraph 9, FEMA sold Homeowners a renewal Standard Flood Insurance Policy ("SFIP"), bearing policy number SF00778511 to for the Policy Period September 7, 2016, 12:01 p.m—September 7, 2016, 12:01 p.m., having coverage for the Building in the amount of $250,000.00 and for Contents in the amount of $80,000.00, subject to a deductible of $5,000 and $2,000, respectively (*See*, **Exhibit 5**). The SFIP is set forth at 44 C.F.R. Pt. 61, Appx. A(1), and is incorporated herein by reference and (*See*, **Exhibit 6**). Homeowners have paid all necessary premiums, and the SFIP was in full force and effect during its term and at all relevant times on the date of the flood loss caused by Hurricane Harvey, described in more detail in paragraph 12, below.

13.     On or about August 25, 2017, Hurricane Harvey began impacting the Texas Coast causing widespread, devastating and long-duration flooding (the "Flood") throughout much of Southeast Texas, and ultimately flooding the Homeowners' dwelling and personal property.

14.     As a direct and proximate result of the Flood, Homeowners suffered a direct physical loss to the Property. Homeowners' dwelling was inundated with

approximately 30" of contaminated floodwater for several days causing physical changes and damages directly by and from the flood to the Property. Homeowners have incurred and continue to incur significant expenses to repair the Property.

15.     Homeowners timely notified FEMA of this flood insurance loss and fulfilled all other requirements in case of loss, as required by Article VII.J of the SFIP.

16.     FEMA hired and sent an adjuster to Homeowners' dwelling to inspect the property, prepare a damage estimate and a Proof of Loss form, and to make adjustment recommendations, subject to the approval of FEMA.   On or about January 2, 2018, FEMA issued its partial denial of Homeowners' claim based upon the contention that prior flood damaged property had not been repaired (by the former owner) and that Plaintiffs had not produced evidence of prior repairs (*See*, **Exhibit 7**).

17.     As such, Homeowners disagreed with the amount allowed by the Defendant and that additional amounts had not been paid and the basis for FEMA's partial denial.   Homeowners requested on numerous occasions that FEMA provide the adjustment file of the prior claim, together with photographs and any and all other information so that Plaintiffs could make an assessment of its position for appeal.   FEMA advised Plaintiffs that privilege prevented them from producing any documentation from the prior owner's adjustment file without a subpoena in a lawsuit.   Nevertheless, Homeowners timely filed an appeal with FEMA, to which no response was received.

18.     The Homeowners complied with all conditions precedent within the SFIP prior to filing this lawsuit.

**Breach of Contract**

19.     Homeowners re-allege and incorporate each and every allegation set forth above as if set forth fully herein.

20.     This is an action for damages as a result of FEMA's breach of the SFIP, an insurance contract.

21.     Homeowners and FEMA entered into an insurance contract when Homeowners purchased from FEMA the above referenced SFIP, No. SF00778511, for the Property for the period, September 7, 2016-September 7, 2017, during which plicy term Hurricane Harvey ravaged Houston.

22.     The SFIP, at all times relevant hereto, provided flood insurance coverage to the Homeowners for, among other things, physical damages to the Property caused by or from flood.

23.     Beginning on or about August 25, 2017, Homeowners' dwelling and contents flooded for an extended period of time. The flood caused by Hurricane Harvey physically changed and damaged the subject property.

24.     Homeowners fully performed under the contract by having paid all premiums when due, satisfying all SFIP requirements and cooperating with the Defendant and its adjuster, to they extent they were able.

25.     Homeowners complied with all conditions precedent to recovery, including but not limited to timely notification of the flood loss and submitting a complete Proof of Loss statement with supporting documentation, to they extent they were able.

26.     FEMA materially breached the SFIP when it chose to not pay the Homeowners for all covered damages caused directly by and from flood water. No section of the SFIP excludes from coverage unrepaired damage, if there was any. Further, and in the alternative, to the extent that the prior owner was correct that there was only 2" of water in the house, FEMA and/or its agents may have participated in wrongful or fraudulent conduct regarding the adjustment and payment of the prior loss, and thereby breaching its contract with Homeowners.

27.     By virtue of its various breaches of contract, including the choice not to pay Homeowners for Homeowners' covered losses, FEMA is liable to and owes Homeowners for the actual damages Homeowners sustained as a foreseeable and direct result of the breach of contract and all costs associated with recovering, repairing, and/or replacing the covered, flood damaged property in accordance with the SFIP, together with all costs, expenses, and relief as allowed by law, both in law and equity.

## Notice Regarding Joinder of other Parties

28.     Plaintiffs advise the Court and FEMA that after discovery on FEMA adjustment files on the prior owner's claim, it is likely that Plaintiffs will ask for leave to join of other parties.

## Prayer for Relief

Plaintiffs, Nadim Nasir, Jr. and Christina de la Isla, pray that after due proceedings are heard, that this Court entered Judgment in favor of the Plaintiffs and against the Defendants for all amounts that Plaintiffs prove at trial of this matter for damages due to the Defendants' breach of the insurance contract, and for costs, expenses, and other relief, in law and equity that this Honorable Court may deem just and proper.

Respectfully submitted,

***/s/ James M. Lober***
James M. Lober
Texas Bar No. 12455400
12 Greenway Plaza, Suite 1100
Houston, Texas 77046
Telephone No.: 713.940.0690
Facsimile No.:   713.425.4999
Email:  lober-law@prodigy.net

Attorney in Charge for Plaintiff's Nadim
Nasir and Cristina de la Isla